**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IDOLTHUS HUBBARD,

    Petitioner,

v.                                            Case No. 07-CV-15392

THOMAS K. BELL,

    Respondent.
                                               /

**ORDER DENYING PETITIONER'S "MOTION TO STAY HABEAS CORPUS PROCEEDINGS"**

Petitioner Idolthus Hubbard, a state prisoner currently incarcerated at the Muskegon Correctional Facility, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a joint jury trial with co-defendant and brother Alton Hubbard in the Wayne County Circuit Court in 2005, Petitioner was convicted of three counts of first-degree murder, Mich. Comp. Laws § 750.316, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He was sentenced to three non-parolable life sentences for the murder convictions, plus two additional years for the felony firearm conviction. Petitioner asserts that his convictions are the product of a prejudicial joint trial with a dual jury, the exclusion of evidence used to impeach his co-defendant, involuntary *Miranda* waiver and confession, ineffective assistance of counsel, insufficient evidence, and the admission of a victim's photograph. (Pet'r's Pet. 12-14.)

This matter is before the court on Petitioner's motion to hold his habeas case in abeyance so that he may exhaust additional claims concerning prosecutorial conduct

and the effectiveness of trial counsel. For the reasons stated below, the court will deny Petitioner's motion.

## I.  BACKGROUND

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims as in the present petition, which Petitioner now wishes to hold in abeyance. The Michigan Court of Appeals affirmed the trial court's convictions. *People v. Hubbard*, 2007 WL 601603 (Mich. Ct. App. Feb. 27, 2007). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hubbard*, 737 N.W.2d 706 (Mich. Sept. 10, 2007).

Petitioner filed his habeas petition on December 19, 2007. Respondent filed a response on June 24, 2008. Petitioner then filed an amended petition on July 18, 2008, correcting the standard of review from his original petition. Petitioner also filed a reply to Respondent's Response on May 4, 2009, and supplemented his reply on May 27, 2009. Petitioner filed the present motion, seeking a stay, on June 25, 2009. Respondent has not filed a response to Petitioner's motion.

## II.  STANDARD

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before rasing those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law

provides that a habeas petitioner is entitled to relief only if he can show that the state court adjudication on his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Thus, state courts must be given a fair opportunity to rule upon all of a petitioner's habeas claims before he can present those claims in federal court.

A petitioner satisfies the exhaustion requirement if he invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvick*, 986 F.2d 1506, 1516 (6th Cir. 1993) (citation omitted) (*overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). A petitioner bears the burden of showing that he has exhausted state court remedies. *Rust*, 17 F.3d at 160.

If a petitioner files a motion for a writ of habeas corpus in the federal district court which contains both exhausted and unexhausted claims for relief, the federal court may, upon request, hold the petition in abeyance so that the petitioner may return to the state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The petitioner may then return to the federal court on a perfected petition. *Id.*

Federal courts may grant a stay and abeyance in "limited circumstances" which are appropriate when the "petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

### III.  DISCUSSION

Petitioner filed a petition for a writ of habeas corpus with the federal court on December 19, 2007.  He filed an amended petition on July 18, 2008.  The current motion was filed on June 25, 2009.  The delay of more than one-and-a-half years after the filing of the original petition, and more than eleven months after filing the amended petition, is neither explained nor shown to be the result of good cause.  Petitioner likewise does not illustrate good cause for his failure to exhaust the claims in state court before filing his petition in federal court.  These issues alone favor denial of Petitioner's motion.  *See Rhines*, 544 U.S. at 278.  Furthermore, the claims Petitioner wishes to exhaust in the state court are meritless, and likewise support denial of Petitioner's motion.  *Id.*

Petitioner's first unexhausted claim concerns prosecutorial misconduct.  "To constitute a denial of due process, the misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'"  *Byrd v. Collins* 209 F.3d 486, 529 (6th Cir. 2000) (quoting *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997)).  Petitioner argues that the prosecutorial misconduct during his trial stems from misstatement of evidence.  Specifically, Petitioner avers that while the prosecution argued that reading comprehension was Petitioner's strongest academic skill, it was

4

actually "the strongest of [Petitioner's] handicap and disability." (Pet'r's Mot. 4.) However, Petitioner submitted a Detroit Public Schools Individualized Education Program Team Report which listed "reading comprehension" as Petitioner's "strength[.]" (Pet'r's Pet. Appx. F-1.)  The prosecution's presentation of evidence illustrating Petitioner's ability to comprehend reading was therefore factually supported. Furthermore, even if Petitioner's reading comprehension is weak, he does not make any argument regarding his auditory processing abilities.  Since his *Miranda* rights were both read out loud to him and given to him in written form to read for himself, the prosecution's alleged error in presenting reading comprehension as his strongest academic ability did not deny Petitioner a fundamentally fair trial.

Petitioner's second unexhausted claim concerns the effectiveness of trial counsel.  Specifically, he argues that his trial counsel did not call a witness to rebut the prosecution's argument that reading comprehension was one of Petitioner's strongest subjects. In claims of ineffective assistance of counsel, a "[petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  "The decision to call or not call certain witnesses is exactly the type of strategic decision that the courts expect attorneys to make[,]" *Boykin v. Webb*, 541 F.3d 638, 649 (6th Cir. 2008) (citing *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005) and is a matter of "trial strategy that appellate courts are ill-suited to second-guess." *Boykin*, 541 F.3d at 649 (quoting *United States v.*

*Luciano*, 158 F.3d 655, 660 (2d Cir. 1998) (internal quotation marks omitted)). Thus, this court will not attempt to discern the reasons, or relative merit of those reasons, why counsel decided not to call this particular witness.

Even if the court were to examine whether it was erroneous for trial counsel to not call this particular witness, the claim would fail. As previously reasoned, whether Petitioner had strong or weak reading skills is not the ultimate inquiry into whether Petitioner understood his *Miranda* rights, voluntarily waived them, and then confessed – police read the rights to Petitioner before he read them himself, and at no point did Petitioner exhibit any problems hearing or comprehending the rights. *See Hubbard*, 2007 WL 601606 at *11; *see also Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000); *Henderson v. DeTella*, 97 F.3d 942, 946 (7th Cir. 1996) (for the proposition that on federal habeas review, the state court's factual finding that a defendant fully understood what was being said and asked of him is entitled to a presumption of correctness unless the petitioner shows otherwise by clear and convincing evidence.) Therefore, even if counsel should have called a witness to testify to Petitioner's weak reading ability, the record indicates that Petitioner understood the rights, as read to him, which he subsequently waived. Therefore, Petitioner has not shown that counsel was ineffective. Petitioner also claims that trial counsel was ineffective because his attorney "fail[ed] to properly investagate [sic] [Petitioner's] case." (Pet'r's Mot. 4.) However, Petitioner does not explain how or what counsel failed to investigate, or how further investigation would have changed the outcome of his case. In order to be granted habeas relief on an ineffective assistance of counsel claim, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors,

6

the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub,* 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Since Petitioner does not set forth any issues, which if investigated, would have led to a different outcome at trial, Petitioner's claim is not meritorious.

Petitioner reasons that "[t]he state cannot possibly be prejudiced by a stay of proceedings as Petitioner remains in custody and the state has no vested interest in precluding federal court consideration of Petitioner's constitutional claims." (Pet'r's Mot. 5.) But Petitioner ignores a court's interest in denying tardy motions for abeyance, founded in the twin goals of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 270. To file a stay a year and a half after a petition has been filed in order to exhaust claims which appear meritless, without showing good cause, would undermine these interests. A stay is unwarranted.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's "Motion to Stay Habeas Corpus Proceedings" [Dkt. # 23] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 6, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2009, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522